UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LUCHO HUNTE,

       Plaintiff,

    -against-

CITY OF NEW YORK, Police Officer JAMES
ELLERBE, Shield No. 2184, individually, and
John/Jane Doe Officers 1-3, individually,

       Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of Plaintiff Lucho Hunte's ("Mr. Hunte") rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.  This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

4.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). The incident in question took place in this District in Kings County.

## JURY DEMAND

5.    Mr. Hunte demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

6.    Mr. Hunte lives in Kings County.

7.    Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant City of New York maintains the New York City Police Department (hereinafter "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

9.    Defendant NYPD Police Officer James Ellerbe, Shield No. 3184, of the 047 Command, and Defendant John/Jane Doe Officers 1-3, presumably also of the 047 Command, at all times relevant herein, were duly sworn officers, employees and agents of the NYPD and were acting under the supervision of said department and according to their official duties.  Ellerbe and John/Jane Does 1-3 are sued in their individual capacities.

10.     That at all times hereinafter mentioned Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the Defendants were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

## STATEMENT OF FACTS

12.     On April 27, 2013, Mr. Hunte car pooled to work with two co-workers named Anthony Smith and Michael Kent.

13.     Mr. Hunte was a passenger in the vehicle and Mr. Kent drove.

14.     Mr. Smith asked if they could stop at a pharmacy because he wanted to fill a prescription.

15.     Mr. Kent agreed and parked the vehicle at a pharmacy on the corner of Franklin and St. Marks in Brooklyn, New York.

16.     Mr. Kent and Mr. Hunte waited in the vehicle the entire time Mr. Smith was inside the pharmacy.

17.     Defendants approached the vehicle and arrested Mr. Kent and Mr. Hunte.

18.     Then, when Mr. Smith exited the pharmacy, Defendants arrested Mr.

Smith as well.

19.     One of the Defendant Doe Officers placed handcuffs on Mr. Hunte which were excessively tight, cutting off the flow of blood and causing him discomfort, discoloration and pain.

20.     Mr. Hunte asked that the handcuffs be loosened in order to alleviate the discomfort and pain but Defendant Doe Officers refused.

21.     As a result of the handcuffs being snapped too tightly upon Mr. Hunte's wrists, Mr. Hunte suffered swelling, discoloration of the skin and flesh and visible marks indicating abrasion and chafing on his wrists for a number of days after the incident.

22.     Mr. Hunte later learned that Defendants accused Mr. Smith of attempting to pass a forged prescription at the pharmacy counter.

23.     Mr. Hunte had no knowledge of or involvement in Mr. Smith's activities.

24.     Defendants falsely stated to employees of the Kings County District Attorney's Office that they observed Mr. Hunte handling blank prescriptions slips in the vehicle with Mr. Kent.  This was not true.

25.     On the basis of Defendants' false representations, Mr. Hunte was charged with Forgery and Possession of a Forged Instrument.

26.     On November 29, 2013, a state court dismissed the charges against Mr. Hunte on the prosecutor's motion and sealed the charges.

4

27.    Mr. Hunte suffered damages as a result of Defendants' actions, including but not limited to: deprivation of liberty, damage to his reputation, termination from the job he had at the time, emotional trauma and more.

28.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

29.    The aforesaid incident is not an isolated incident.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's IAB and the CCRB) that many NYPD officers, including the Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest

individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

30.    The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., Nos. 9 Civ. 8, 9 Civ. 9, 2009 WL 4263362, at *2 (E.D.N.Y. Nov. 25, 2009).

31.    Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," which permits an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

32.    Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective

action.  This failure caused Individual Defendants in this case to violate Mr. Hunte's constitutional rights.

33.     Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

34.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

35.     All of the aforementioned acts deprived Mr. Hunte of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

36.     The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

38. As a result of the foregoing, Mr. Hunte is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
### 42 U.S.C. Section 1983

39. Mr. Hunte repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

40. Defendants, by their conduct toward Mr. Hunte alleged herein, violated Mr. Hunte's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

41. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Hunte of his constitutional rights.

42. As a direct and proximate result of Defendants' unlawful conduct, Mr. Hunte sustained the damages hereinbefore alleged.

## SECOND AND THIRD CLAIMS
## FALSE ARREST AND MALICIOUS PROSECUTION

43.     Mr. Hunte repeats and realleges each of the allegations set forth in this complaint with the same force and effect as if fully set forth herein.

44.     Defendants, by their conduct toward Mr. Hunte alleged herein, subjected Mr. Hunte to false arrest and malicious prosecution and thus violated Mr. Hunte's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

45.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Hunte of his constitutional rights.  Defendants did not have probable cause to believe that Mr. Hunte committed any crime yet confined him and commenced and continued a prosecution against him for a crime, which prosecution terminated in Mr. Hunte's favor.

## FOURTH AND FIFTH CLAIMS
## FABRICATION OF EVIDENCE AND DENIAL OF FAIR TRIAL

46.     Mr. Hunte repeats and realleges each of the allegations set forth in this complaint with the same force and effect as if fully set forth herein.

47.     Defendants, by their conduct toward Mr. Hunte alleged herein, fabricated evidence against Mr. Hunte knowing that the evidence in question would likely influence a jury.  This evidence fabrication corrupted Mr. Hunte's fair trial rights

as guaranteed by 42 U.S.C. § 1983, the Sixth and Fourteenth Amendments to the Constitution of the United States.

48.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Hunte of his constitutional rights.   Defendants did not have probable cause to believe that Mr. Hunte committed any crime

## FIFTH CLAIM
## EXCESSIVE FORCE

49.     Mr. Hunte repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

50.     The administration of too-tight handcuffs despite Mr. Hunte drawing to Individual Defendants' attention that they should be loosened, and the damage that that act occasioned, deprived Mr. Hunte of his constitutional right to be free from excessive force.

## SIXTH CLAIM
## FAILURE TO INTERVENE

51.     Mr. Hunte repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

52.    Individual Defendants actively participated in the aforementioned unlawful conduct but also observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53.    Accordingly, Individual Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

54.    Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Hunte of his constitutional rights.

55.    As a direct and proximate result of Defendants' unlawful conduct, Mr. Hunte sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
## MONELL CLAIM

56.    Mr. Hunte repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

57.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

58.    The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Mr. Hunte's rights as described herein.  As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

59.    The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

60.    The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Mr. Hunte's safety, well-being and constitutional rights.

61.     The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Mr. Hunte as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Hunte respectfully requests the following relief:

A. An order entering judgment for Mr. Hunte against Defendants on each of their claims for relief;

B. Awards to Mr. Hunte for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth and Fourteenth Amendment rights of Mr. Hunte, the amount to be determined at jury trial, which Mr. Hunte respectfully demands pursuant to FRCP 38;

C. Awards to Mr. Hunte of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional rights and welfare of Mr. Hunte, the amount to be determined at jury trial, which Mr. Hunte respectfully demands pursuant to FRCP 38;

D. Awards to Mr. Hunte of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   January 13, 2016
         New York, New York

         _____/s_____

         Ryan Lozar
         305 Broadway, 9th Floor
         New York, New York 10007
         (310) 867-1562
         ryanlozar@gmail.com

         *Attorney for Plaintiff*